UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NUHN INDUSTRIES LTD,

              Plaintiff,

v.                                                    Case No. 21-cv-1322-bhl

BAZOOKA FARMSTAR LLC,
TASCH'S CUSTOM LLC,

              Defendants.

## DECISION AND ORDER

        The liquid manure industry appears to have quite the mess on its hands, and this Court must decide where the mess should be cleaned up. Plaintiff Nuhn Industries LTD alleges that Defendants Bazooka Farmstar LLC and Tasch's Custom LLC infringed its patent on "the Lagoon Crawler," an amphibious pumping vehicle used to agitate manure lagoons. (ECF No. 22.) Bazooka has moved to sever and transfer the claim against it to the Southern District of Iowa. (ECF No. 23.) Tasch seeks a stay of the proceedings in this Court while the case against Bazooka proceeds elsewhere. (ECF No. 26.) Because the patent venue statute makes clear that the Eastern District of Wisconsin is not the proper venue in which to bring suit against Bazooka, and because Tasch is a peripheral party to the action against Bazooka, the Court will grant both motions.

## FACTUAL BACKGROUND

        United States Patent No. 10,974,557 (the Nuhn Patent) covers "the Lagoon Crawler," an amphibious pumping vehicle used to agitate manure lagoons. (ECF No. 22 at 2-3.) The vehicle is designed to enter manure lagoons and efficiently mix the contents without leaving any solids behind. (*Id.* at 6.) According to Nuhn, Bazooka Farmstar LLC infringed the Nuhn Patent when it began marketing its own amphibious pumping vehicle, the Wolverine Series Agitation Boat, in early 2021. (*Id.* at 8, 15-17.) Nuhn also alleges that Tasch's Custom LLC, a Bazooka dealer, infringed the Nuhn Patent by selling Bazooka's Wolverine Series Agitation Boat. (*Id.* at 17.)

        Although Bazooka is organized under the laws of Iowa and has its principal place of business in Iowa, it sold the allegedly infringing agitation boats through a nationwide network of

dealers, including Tasch, a Wisconsin corporation with a principal place of business in Wisconsin. (*Id.* at 3-4.) Bazooka's website features a "FIND US" dropdown menu, which potential consumers can use to identify the nearest authorized Bazooka dealer. (*Id.* at 10.) Of particular use, the "Dealer Locator" tool displays a map of the upper Midwest where superimposed Bazooka logos indicate a dealer's precise location. (*Id.*) One such logo can be found in eastern Wisconsin, where Tasch operates. (*Id.*) Bazooka's website also allows prospective buyers to schedule a test drive with local dealers, including Tasch. (*Id.* at 11.) And Tasch's website notes that it is the dealer for both Bazooka and another company, Jamesway. (*Id.*)

## LEGAL STANDARD

Under Rule 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. Section 1406(a), a court should dismiss or transfer a complaint if the plaintiff's chosen venue is improper. Fed. R. Civ. P. 12(b)(3); 28 U.S.C. §1406(a). The plaintiff bears the burden of establishing venue, and although the Court must accept all well-pleaded facts as true, it need not credit mere conclusory allegations. *See Westech Aerosol Corp. v. 3M Co.*, 927 F.3d 1378, 1382 (Fed. Cir. 2019).

In patent infringement suits, venue is determined exclusively according to 28 U.S.C. Section 1400(b). *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1519 (2017) ("§1400(b) 'is the sole and exclusive provision controlling venue in patent infringement actions and is not to be supplemented by §1391(c)'") (quoting *Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222, 229 (1957)). Section 1400(b) provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. §1400(b). A domestic corporation's "residence" refers only to the State of incorporation. *TC Heartland*, 317 S. Ct. at 1518-19.

Under Federal Rule of Civil Procedure 21, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. "The court may also sever any claim against a party." *Id.*

## ANALYSIS

Defendants collectively ask the Court to: (1) sever Nuhn's claims against Bazooka and Tasch; (2) transfer the claim against Bazooka to the Southern District of Iowa; and (3) stay the claim against Tasch until the suit against Bazooka is complete. Because venue in the Eastern

District of Wisconsin is improper with respect to Bazooka, and Tasch is a mere peripheral party to this suit, Defendants' motions will be granted.

## I. Nuhn Has Not Established Proper Venue with Respect to Bazooka.

Per Section 1400(b), venue in a patent infringement suit is only proper where the defendant resides, or where it has committed acts of infringement and has a regular and established place of business. 28 U.S.C. §1400(b). Nuhn does not dispute that Bazooka resides in Iowa. (*See generally* ECF No. 30.) Thus, to establish venue in the Eastern District of Wisconsin, Nuhn must demonstrate that Bazooka committed acts of infringement in the district and has a regular and established place of business here.

The first question, where the acts of infringement occurred, is easily resolved. Generally, "as a matter of uniform federal patent law . . . patent infringement occurs where allegedly infringing sales are made." *N. Am. Phillips Corp. v. Am. Vending Sales, Inc.*, 35 F.3d 1576, 1578-79 (Fed. Cir. 1994). And at this stage, plausible allegations of infringement suffice; otherwise, the Court would have to decide the merits of the infringement action just to determine venue. *See In re Cordis Corp.*, 769 F.2d 733, 737 (Fed. Cir. 1985). Nuhn's first amended complaint states a bona fide patent infringement claim against Bazooka based on sales made in this District. That is enough for venue purposes.

The harder question is whether Bazooka has a regular and established place of business in this District. An answer in the affirmative requires that: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) *it must be the place of the defendant*." *In re Cray, Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017) (emphasis added). This case turns on the third factor. Under *Cray*, a business is the "place of the defendant" if the defendant establishes or ratifies it as such. *Id*. at 1363. The *Cray* decision enumerated a slew of individually non-dispositive considerations relevant to this inquiry, including:

> whether the defendant owns or leases the place, or exercises other attributes of possession or control over the place . . . whether the defendant conditioned employment on an employee's continued residence in the district or the storing of materials at a place in the district so that they can be distributed or sold from that place. Marketing or advertisements also may be relevant, but only to the extent they indicate that the defendant holds out a place for its business. . . . [A] defendant's representations that it has a place of business in the district are relevant to the inquiry. Potentially relevant inquiries include whether the defendant lists the alleged place of business on a website, or in a telephone or other directory; or places its name on a sign associated with or on the building itself. But the mere fact that

> a defendant has advertised that it has a place of business or has even set up an office is not sufficient; the defendant must actually engage in business from that location.

*Id*. at 1363-64 (internal citations omitted). Nuhn argues that, under these factors, Tasch is a "place of Bazooka" (or Bazooka has at least ratified Tasch as its place of business) because Tasch sells Bazooka products, offers test drives, displays the Bazooka logo on its website, and is featured on the "FIND US" map on Bazooka's website. (ECF No. 30 at 10.) Bazooka responds that, "[a]t best, [Nuhn's allegations show Bazooka] maintains a mutually beneficial, coordinated business relationship with [Tasch] to sell its products to customers in this District." (ECF No. 33 at 7, citing *Omega Patents, LLC v. Bayerische Motoren Weke AG*, 508 F. Supp. 3d 1336, 1343 (N.D. Ga. 2020).)

Nuhn's argument relies heavily on analogy to *Blitzsafe Texas, LLC v. Bayerische Motoren Werke AG*, No. 2:17-CV-00418-JRG, 2018 WL 4849345 (E.D. Tex. Sep. 6, 2018) (vacated by joint motion). In that case, the court held that BMW had ratified independent dealerships as "places of" BMW, in large part because the dealerships prominently displayed BMW logos and BMW's website directed consumers to those dealerships. *Id.* at *8. But there is a difference between ratifying a dealer as a location at which customers may purchase the manufacturer's products and ratifying a dealer as a location from which the manufacturer itself conducts business. *See Vaxcel Int'l Co., Ltd. v. Minka Lighting, Inc.*, No. 18CV0607, 2018 WL 6930772, at *3 (N.D. Ill. July 11, 2018). Only the latter establishes venue pursuant to Section 1400(b). The plain statutory text confirms this. If Congress had intended to define venue as broadly as Nuhn and the *Blitzsafe* court suggest, it would not have required that the regular and established place of business be *of the defendant*. But it did include that requirement. As a result, venue does not obtain merely through sales of allegedly infringing products from any given regular and established place of business (like a dealership); rather, proper venue exists only where those sales are made from *the defendant*'s regular and established place of business. To permit ratification based on an authorized dealer's location and the intermingling of corporate logos would undermine the statutory text and intent. Absent any suggestion that the defendant owns, leases, or rents the dealerships, or that the dealerships are the defendant's subsidiaries or alter egos, "numerous decisions from other federal courts stand for the proposition that 'independent distributors, such as authorized retailers ... do not suffice to establish venue under § 1400(b).'" *Omega*, 508 F. Supp. 3d at 1340 (quoting *Vaxcel*, 2018 WL 6930772, at *3 (collecting cases)). And the *Cray* court specifically warned against conflating "showings that may be sufficient for other purposes, *e.g.*,

personal jurisdiction or the general venue statute, with the necessary showing to establish proper venue in patent cases." *Cray*, 871 F.3d at 1361. Nuhn has not alleged that Bazooka owns, leases, or rents any place of business of its own in this District. It has also not pled any facts suggesting that Tasch is Bazooka's alter ego. Nothing in the record indicates that Bazooka has any regular and established place of business in the Eastern District of Wisconsin. Therefore, venue in this District is improper as to Defendant Bazooka.

**II.     The Proper Remedy in This Case Is to Sever the Claims Against Bazooka, Transfer Those Claims to the Proper Venue, and Stay the Case Against Tasch.**

Having determined that venue over the claims against Bazooka is lacking in this District, the issue becomes what to do with Nuhn's case against Tasch. While Nuhn's case against Bazooka cannot be maintained in the Eastern District of Wisconsin, Nuhn's case against Tasch cannot proceed anywhere but the Eastern District of Wisconsin. Courts have developed three potential answers to this not uncommon conundrum. "'When venue is proper as to one defendant but not to other defendants, the district court is faced with three options: (1) dismiss the action pursuant to 28 U.S.C. § 1406(a), (2) transfer the entire case to another district where venue is proper for all defendants pursuant to 28 U.S.C. § 1406(a), or (3) sever the claims in the case, retain jurisdiction over the defendant for whom venue is proper, and transfer or dismiss the other claims.'" *CAO Lighting, Inc. v. Light Efficient Design*, No. 4:16-cv-00482-DCN, 2017 WL 4556717, at *5 (D. Idaho Oct. 11, 2017) (quoting *Bar T Timber, Inc. v. Pac. Fibre Prod.*, No. CV-13-30-BLG-CSO, 2013 WL 5209962, at *6 (D. Mont. Sept. 13, 2013)). The Court agrees with Defendants that the third option makes the most sense here.

Federal Rule of Civil Procedure 21 provides a district court with broad discretion to "'sever any claim against a party.'" *In re EMC Corp.*, 677 F.3d 1351, 1355 (Fed. Cir. 2012) (quoting Fed. R. Civ. P. 21). In patent infringement cases, "courts have found that severance and transfer is appropriate if three factors are met: (1) 'the remaining claims are peripheral to the severed claims;' (2) 'adjudication of the severed claims would potentially dispose of the remaining claims;' and (3) transfer of the severed claims are warranted." *CAO Lighting*, 2017 WL 4556717, at *5 (quoting *Shifferaw v. Emson USA*, No. 2:09-CV-54-TJW-CE, 2010 WL 1064380, at *1 (E.D. Tex. Mar. 18, 2010), and citing *Blue Spike, LLC v. Zeitera, LLC*, No. 14-CV-01648-YGR, 2014 WL 4310977, at *1 (N.D. Cal. Aug. 28, 2014), *Ambrose v. Steelcase, Inc.*, No. 02C2753, 2002 WL 1447871, at *6-7 (N.D. Ill. July 3, 2002)).

To the first factor, Tasch is a peripheral defendant. Courts have routinely found that mere resellers of allegedly infringing products are only peripherally involved in a plaintiff's patent infringement lawsuit against the products' manufacturer. *See Ambrose*, 2002 WL 1447871, at *6 (citing *LG Elecs., Inc. v. First Int'l Comput., Inc.*, 138 F. Supp. 2d 574, 584 (D. N.J. 2001); *Gold v. Burton Corp.*, 949 F. Supp. 208 (S.D.N.Y. 1996); *Haworth, Inc. v. Herman Miller, Inc.*, 821 F. Supp. 1476, 1479 (N.D. Ga. 1992); *Coulter Elecs. v. SmithKline Corp.*, 219 U.S.P.Q. 135, 136-37 (N.D. Ill. 1982)). Nuhn's arguments to the contrary are unavailing. It asserts that Tasch is indispensable because Tasch's communications with Bazooka may be highly relevant to an induced infringement claim. (ECF No. 32 at 11.) As an initial matter, Nuhn did not plead an induced infringement claim. But even if it had, Nuhn could discover Tasch's communications with Bazooka *from Bazooka*. And there is no reason that Nuhn cannot obtain discovery from Tasch, even if litigation on the merits of Tasch's liability is stayed. There is no need to proceed with a separate and immediate determination of Tasch's liability in this Court.

The second factor also favors severance and transfer. Tasch will only be liable if Nuhn prevails against Bazooka, and Nuhn cannot recover twice for the sale of an infringing product. *See CAO Lighting*, 2017 WL 4556717, at *6. Therefore, the claims against Tasch will be moot regardless of the outcome of Nuhn's suit against Bazooka. As for the third factor, transfer of the severed claims is necessary if the case against Bazooka is to proceed. Finding all three factors satisfied, the Court will sever the claims against Bazooka and transfer them to the Southern District of Iowa, where venue is proper.

The only remaining question is what to do with the case against Tasch. Allowing Nuhn to proceed against both Defendants simultaneously would reduce "judicial economy" to a bad punchline. It would also create a substantial risk of inconsistent verdicts. The best course of action is to stay the case against Tasch while Nuhn and Bazooka litigate their dispute in another forum. *See Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990) ("litigation against . . . the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer"). Other courts have taken this approach. *See In re Nintendo of Am., Inc.*, 756 F.3d 1363 (Fed. Cir. 2014); *E-Z Dock, Inc. v. Snap Dock, LLC*, No. 2:21-cv-450-SPC-NPM, 2021 WL 5015533 (M.D. Fla. Oct. 28, 2021); *Ambrose*, 2002 WL 1447871; *CAO Lighting*, 2017 WL 4556717. Because doing so will "serve 'the just, speedy and inexpensive'

disposition of this litigation,'" the Court will stay the case against Tasch pending resolution of Nuhn's dispute with Bazooka. *Ambrose*, 2002 WL 1447871, *7 (quoting Fed. R. Civ. P. 1).

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Bazooka Farmstar LLC's motion to dismiss or transfer, pursuant to Fed. R. Civ. P. 12(b)(3) (ECF No. 23) is **GRANTED**.

**IT IS FURTHER ORDERED** that Nuhn Industries LTD's patent infringement claim (Count I) against Bazooka is severed from this action. The Clerk of Court is directed to open a new case with Nuhn Industries LTD as the plaintiff and Bazooka Farmstar LLC as the defendant (Tasch will not be a party) and docket the following filings, including attachments, in the new case:

   a. Nuhn's First Amended Complaint (ECF No. 22)
   b. Bazooka's Motion to Dismiss (ECF No. 23)
   c. Bazooka's Brief in Support of its Motion to Dismiss (ECF No. 24)
   d. The Declaration of Thomas J. Leach in Support of Bazooka's Motion to Dismiss (ECF No. 25)
   e. Nuhn's Response to Bazooka's Motion to Dismiss (ECF No. 30)
   f. The Declaration of Scott E. Yackey in Support of Nuhn's Response to Bazooka's Motion to Dismiss (ECF No. 31)
   g. Bazooka's Reply Brief in Support of its Motion to Dismiss (ECF No. 33)
   h. The Declaration of Eric Hahn in Support of Bazooka's Motion to Dismiss (ECF No. 34)
   i. This Order.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to transfer the new case between Nuhn and Bazooka to the Davenport Division of the United States District Court for the Southern District of Iowa.

**IT IS FURTHER ORDERED** that Defendant Tasch's Custom LLC's motion to dismiss or alternatively to stay (ECF No. 26) is **GRANTED** and all proceedings against Tasch are stayed until further order of the Court.

Dated at Milwaukee, Wisconsin on March 17, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge
